[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves the issue of whether the defendant, Chicago Title Insurance Company, should have defended and indemnified the plaintiffs, Marion B. Bertrand, and approximately ten other plaintiffs, all of whom allege that they were unit owners in a condominium in Greenwich known as Georgetowne North Condominium. In 1986, James Bria brought suit against the condominium association known as Georgetowne North Owners, Inc. (Georgetowne North), which is comprised of the unit owners in the Georgetowne North Condominium. The suit sought to quiet title to a strip of land, which is a part of the common areas. The suit was settled in 1988 by giving Bria and his son life uses to the contested strip of land, and a monetary settlement of $2,500. The plaintiffs seek to be reimbursed for their settlement as well as attorney's fees incurred. The plaintiffs' action against the defendant is in four counts, breach of contract, breach of the covenant of good faith and fair dealing, violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant contends that it had no duty to defend and indemnify because the defendant in the Bria action, Georgetowne North, was not its insured. The policies were issued to individual unit owners, including the plaintiffs, who were not defendants in the Bria action.
The matter was referred to Lewis Schwartz, an attorney trial referee, pursuant to General Statutes § 52-434(a)(4) and Practice Book § 428 et seq. Unfortunately, the clerk's office and/or the caseflow office forwarded the case to the attorney trial referee in the context of cross-motions for summary judgment. Summary judgment motions are processed by judges at the short calendar, where the question is whether the proof submitted shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Practice Book § 384. The attorney trial referee program, on the other hand, is aimed at ascertaining facts in a contested factual setting. Dills v.Enfield, 210 Conn. 705, 712, 557 A.2d 517 (1989).
The referee filed a very comprehensive report in which he concluded that the defendant should indemnify the plaintiffs for the losses they incurred in the Bria matter, as the plaintiffs' interest in the common areas, including the strip of land claimed by the Brias, was insured by the defendant. The record appears somewhat ambiguous because the defendant, despite filing a motion CT Page 5481 for summary judgment, claimed that there were outstanding factual issues that prevented the granting of the plaintiffs' motion for summary judgment.
The parties submitted an agreed or joint statement of facts, but the defendant maintained that certain factual issues remained unresolved. In any event, instead of holding a trial, on September 9, 1992 the attorney trial referee heard extensive oral argument on the motions for summary judgment, and ultimately issued his report recommending the granting of summary judgment in favor of the plaintiffs.
The appropriate solution under the circumstances is to remand the case to the attorney trial referee for a factual hearing and a report in the usual format, consisting of factual findings, conclusions derived from the factual findings, and a discussion of the pertinent principals of law. Many, if not most, of the facts are apparently included in the agreed statement of facts. The parties should, however, be given the opportunity to present additional evidence to support their respective claims. Thereafter, it is requested that the referee issue his report in the format indicated above.
The case is remanded to attorney trial referee Schwartz for the reasons stated.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of May, 1995.
William B. Lewis, Judge